IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALEXANDER COLE,            )
AIS # 212472,              )
                          )
        Plaintiff,         )
                          )       CASE NO. 2:21-CV-26-RAH
    v.                     )
                          )
P. JONES (HEAD WARDEN), *et*   )
*al.*,                     )
                          )
        Defendants.

## **ORDER**

This is a case in which an inmate with suicidal thoughts used a razor blade to cut his left arm.  On March 13, 2024, the Magistrate Judge recommended that the Defendants' Motion for Summary Judgment be granted in part and denied in part and that this case should be set for mediation and/or a jury trial.  On March 27, 2024, the Defendants filed Objections (Doc. 57) to the Recommendation (Doc. 56) of the Magistrate Judge.

When a party objects to a magistrate judge's report and recommendation, the District Court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The District Court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the District

Court independently consider factual issues based on the record. *Jeffrey S. ex rel.*

*Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does

not object to specific factual findings, the District Court reviews them only for clear

error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

## I.   **The First Objection**

The Defendants object to the Magistrate Judge's summarization of the

following facts:

> . . . First, Cole previously threatened suicide when he first went to the shift office and informed Robbins he was suicidal. Doc. 1 at 3, 5. Second, that prior threat was known to Robbins because Cole specifically told Robbins about his suicidal ideations, and Robbins relayed some information about Cole's suicide threat to McCord. Third, the prior threat was recent, as Cole first informed Robbins about being suicidal around 2:30 or 3:00 p.m., and the incident report reflects that he was seen by a nurse after he sliced his arm at approximately 4:42 p.m. Doc. 20–2 at 1.

(Doc. 56 at 10, Report and Recommendation.)  The basis of their argument is that

these facts are "disputed." (Doc. 57 at 2.) The Defendants point to Warden Jones's

affidavit stating that an institutional count takes place between 2:30 and 3:00 p.m.

each day and therefore Plaintiff would have been on his bed at the time he alleges

he first visited the shift office.  They also argue that the incident report did not

mention such a visit.  Clearly, the material fact involving the timing of the Plaintiff's

visit to the shift office is genuinely disputed.

In addition, the Defendants direct the Court to Officer McCord's affidavit.

They argue the affidavit does not include any evidence that Lieutenant Robbins knew that the Plaintiff had any suicidal thoughts prior to 4:36 p.m. that day. The Defendants contend that there is nothing in the record beyond the Plaintiff's own allegation that Lieutenant Robbins relayed any information about the suicide threat to Officer McCord. The Magistrate Judge, however, considered this argument in her thorough analysis. Drawing a justifiable inference, the Magistrate Judge determined that, because the Plaintiff alleged that Robbins told Officer McCord not to do anything to help him until he killed himself, a reasonable jury could find that McCord was aware of the strong likelihood that the Plaintiff would attempt to commit suicide. (Doc. 56 at 15.) As discussed by the Magistrate Judge, the District Court must view all evidence in the light most favorable to the nonmovant and draw all justifiable inferences from the evidence in the nonmoving party's favor. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *see* Fed. R. Civ. P. 56(a). Therefore, the Defendants' Objection on this basis is due to be overruled.

## II.     The Second Objection

The Defendants object to the following determination by the Magistrate Judge:

> The fourth factor requires that Cole's prior threat appeared genuine to Robbins, which means it must "have been free of indicia of manipulative sham or pretense—in order to impart sufficient warning to the prison officials." Greffey, 996 F. Supp. at 1383. The fact that

3

> Cole alleges he attempted to kill himself when he sliced his arm weighs in favor of a finding that his threats were genuine. Again, Defendants do not dispute that Cole made a genuine suicide attempt, that his threats were genuine, or that Robbins was aware of Cole's suicidal mental state.

(Doc. 57 at 10.)  The Defendants argue that the Plaintiff's allegation that Lieutenant Robbins told him "I don't belief you" in response to his claim that he was having suicidal thoughts establishes that the Plaintiff's threat of suicide did not appear to be genuine. There are many inferences which may be drawn from such a statement. *See McCormick*, *supra*. Furthermore, as discussed by the Magistrate Judge, "[e]ven if the Defendants had disputed that Cole's suicides threats were genuine, the genuineness of his threats is best resolved by the fact-finder. *See Greffey*, 996 F. Supp. At 1383." (Doc. 56 at 10-11.)

As part of their Objection, the Defendants also point to statements in Plaintiff's affidavits where he stated Robbins "purportedly" told him to kill himself and McCord "purportedly" told him that Lieutenant Robbins had ordered Officer McCord to do nothing for him. The Court is mindful that Plaintiff is not a lawyer. After reading the pleadings in their entire context, the Court will not reject the Plaintiff's version of the facts in their entirety simply because he chose to begin a sentence or phrase with the word "purportedly." The Defendants' objection on this basis is due to be overruled.

### III.    The Third Objection

The Defendants also object to the notation that "[b]ecause the Court finds that Robbins's and McCord's conduct can be reasonably viewed as more than gross negligence, the Court applies this higher standard." (Doc. 56 at 7, n. 6.)    The Defendants again dispute the facts and argue that the actions of Lieutenant Robbins and Officer McCord do not amount to deliberate indifference or "more than gross negligence." Clearly, there is a genuine dispute of material fact concerning whether the officers acted with deliberate indifference to the Plaintiff's health. The Defendants cite no binding authority in support of their position, nor do they otherwise show that the Magistrate Judge committed any legal or factual error. Consequently, the Defendants' objection is due to be overruled.

### IV.    The Fourth Objection

The Defendants also object to the Magistrate Judge's finding that Officer Robbins generally denied all the Plaintiff's allegations regarding his awareness of any serious mental health need of being suicidal. (*See* Doc. 56 at 10.)    The Defendants assert that Officer Robbins specifically denied Plaintiff's allegations by stating in his affidavit that "he *did not* tell inmate Cole to kill himself, get out of my face or hurry up and do it." (Doc. 57 at 5 (citing Doc. 20-4).)    The Court acknowledges Officer Robbins's denial of the Plaintiff's allegations.    The Defendants' objection, however, is due to be overruled.

## V.     The Fifth and Sixth Objections

The Defendants object to the Magistrate Judge's determination that "the evidence shows that a reasonable jury could find that Robbins was aware that a strong likelihood of suicide existed when Cole told Robbins he was suicidal and when Robbins provided Cole with the tools to kill himself." (Doc. 56 at 12.)  They also object to her conclusion that "[v]iewing this evidence in the light most favorable to Cole, a reasonable jury could find that McCord was aware of a strong likelihood that Cole would attempt suicide as a result of McCord's failure to get Cole medical help." (Doc. 56 at 15.)  The Defendants' objections are based solely on their argument that these findings are "respectfully disputed". (Doc. 57 at 5.)   The Objections are due to be overruled.

## VI.    CONCLUSION

Upon this Court's independent review of the record and consideration of the the Objections and Recommendation, it is ORDERED as follows:

1.     The Objections (Doc. 57) are OVERRULED.

2.     The Recommendation (Doc. 56) is ADOPTED.

3.     Defendants' Motion for Summary Judgment (Doc. 20) is GRANTED in part and DENIED in part.

4.     Defendants' Motion for Summary Judgment is GRANTED on Plaintiff's claims for money damages against Defendants in their

official capacities because Defendants are entitled to absolute immunity from such damages;

5.    Defendants' Motion for Summary Judgment is DENIED on Plaintiff's claims against Defendants McCord and Robbins in their individual capacities for deliberate indifference based on Plaintiff's suicide threats;

6.    Defendants' Motion for Summary Judgment is GRANTED on Plaintiff's claims against Defendants McCord and Robbins in their individual capacities for deliberate indifference based on Plaintiff's return to E-dormitory;

7.    Defendants' Motion for Summary Judgment is GRANTED on Plaintiff's claims against Defendants Jones and Carter based on respondeat superior or vicarious liability;

8.    Defendants' Motion for Summary Judgment is GRANTED on Plaintiff's negligence claim because Defendants are immune;

9.    This case shall be set for a jury trial before the District Judge on Plaintiff's surviving deliberate indifference claim against Defendants McCord and Robbins; and

10.    This case is referred back to the undersigned Magistrate Judge for mediation of Plaintiff's surviving deliberate indifference claim against

Defendants McCord and Robbins.

DONE, on this the 29th day of March 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE